IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARY GALLIGAN                                                      PLAINTIFF

VS.                                         CAUSE NO. <u>2:19-cv-61-TBM-MTP</u>

TRACTOR SUPPLY COMPANY
AND JOHN DOES 1-10                                              DEFENDANTS

## DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF DR. RALPH BELL

COMES NOW the Defendant, Tractor Supply Company ("TSC"), by and through counsel, and files this Memorandum Brief in Support of Motion to Strike Affidavit of Dr. Ralph Bell, and in support thereof, would show unto the Court the following:

## <u>INTRODUCTION</u>

On March 29, 2021, TSC filed its Motion to Strike Certain Expert Opinions of Dr. Ralph Bell [Doc. 50].  On April 6, 2021, TSC filed its Motion for Partial Summary Judgment as to Certain Damage Claims and as to Medical Causation [Doc. 56].  Plaintiff filed responses to both motions on April 26, 2021 [Docs. 61, 63]. Both responses attach an Affidavit signed by Dr. Bell [Docs. 61-5, 63-5]. TSC submits that Dr. Bell's Affidavit should be stricken and not considered by the Court when ruling on either of TSC's pending motions.

Dr. Bell is an emergency room physician hired by the Plaintiff to provide expert opinions in the field of orthopedics, a field in which he is completely unqualified to offer expert opinions.  Dr. Bell's five-page Affidavit and attachments attempt to expand upon his previously disclosed opinions. It is well-settled that a party must disclose *all* expert opinions in that party's expert disclosures, and at the very latest prior to the expiration of discovery. Plaintiff's attempt to belatedly expand upon Dr.

Bell's opinions at this late stage should not be permitted by the Court.  The Court should strike the Affidavit of Dr. Bell and grant TSC's Motion to Strike Certain Expert Opinions of Dr. Ralph Bell and its Motion for Partial Summary Judgment.

## LEGAL ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure governs discovery in federal court. Regarding experts, Rule 26(a)(2)(A) requires that "a party must disclose ... the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(B) mandates that the disclosure be accompanied by an expert report. Pursuant to Rule 26(a)(2)(B):

> The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(e) further requires a party who has made a disclosure under Rule 26(a) to supplement an expert report "in a timely manner if the party learns that in some material respect the [report] is incomplete or incorrect." To ensure compliance with these dictates, Federal Rule 37(c)(1) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless."

Local Uniform Civil Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added). Judge Starrett recently held that where a party fails to comply with this local rule, that party is precluded from offering supplemental expert opinions or affidavits at a later stage in the proceedings. *Burroughs Diesel, Inc. v. Baker Petrolite, LLC*, 2019 WL 5395452 (S.D. Miss. 2019). See also *Cooper v. Meritor, Inc.*, 2019 WL 545187 (N.D. Miss. 2019); s*ee also, e.g.*, *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 604 (S.D. Tex. 2001) ("Polukoff's ... affidavit is untimely under Rule 26 to the extent that it goes beyond the opinions in his report.... The Court strikes ... any ... opinion that was not contained in the initial Rule 26 report.").

In the case at bar, Dr. Bell's Affidavit goes far beyond the opinions expressed in his expert report. For example, ¶ 13 of his Affidavit contains several new opinions. He states in ¶ 13 that Plaintiff's left rotator cuff tear "is not merely a possibility of having occurred as a result of the fall, rather it is almost a one hundred percent (100%) certainty based on the evidence." Dr. Bell's expert report says nothing about a "one hundred percent certainty." This is a notable expansion beyond his original report. Dr. Bell's Affidavit then states that "the subject fall was the cause of the left torn rotator cuff injury due to the absence of any other traumatic event and no prior shoulder problems in the eight (8) years before the fall." This too goes far beyond what he said in his original expert report.

Dr. Bell's newly filed Affidavit goes into great detail expanding upon the alleged bases for his opinions. He states that he has seen approximately 220,000 patients, including more than 2,000

rotator cuff tears. Affidavit, ¶ 3. He then describes in some detail his experience performing "disability determinations" (which is completely irrelevant to this case insofar as the issue is not whether Plaintiff is disabled, but whether the trip-and-fall caused the rotator cuff tear). He then discusses at length the "Social Security Guidelines" he consulted in arriving at his opinions, and he attaches those guidelines to his Affidavit. Dr. Bell then states in ¶ 8 of his Affidavit that he "relied on these Social Security Guidelines to determine that [Plaintiff's] left shoulder injury was caused by the fall and that her injuries are permanent."

None of this was included in Dr. Bell's original expert report. Without a doubt, Plaintiff is attempting to belatedly bolster her expert disclosures now that TSC has moved to strike Dr. Bell as an expert and moved for partial summary judgment. This should not be sanctioned by the Court. TSC submits that, even if the Court denies the instant motion and considers Dr. Bell's Affidavit, the Court should still grant TSC's motion to strike Dr. Bell [Doc. 50] and its motion for partial summary judgment [Doc. 56]. Nevertheless, the rules and cases cited above support TSC's position that Dr. Bell's newly filed Affidavit it untimely and should be stricken.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests the Court to strike Dr. Bell's Affidavit and not consider it when ruling on TSC's Motion to Strike Certain Expert Opinions of Dr. Ralph Bell [Doc. 50] and Motion for Partial Summary Judgment as to Certain Damage Claims and as to Medical Causation [Doc. 56].

RESPECTFULLY SUBMITTED, this the 10th day of May, 2021.

TRACTOR SUPPLY COMPANY,
*Defendant*

By:    */s/ William M. Vines*
       WILLIAM M. VINES (MSB#9902)

OF COUNSEL:
JERNIGAN COPELAND ATTORNEYS, PLLC
970 Ebenezer Boulevard
Post Office Box 2249
Madison, Mississippi 39130
Telephone: 601-427-0021
Facsimile: 601-427-0051
Email: mvines@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney of record, do hereby certify that I have this day served a true and correct copy of the foregoing document via the ECF system upon system upon counsel of record.

THIS, the 10th day of May, 2021.

/s/ *William M. Vines*
WILLIAM M. VINES