IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARY GALLIGAN                                                              PLAINTIFF

VS.                                                       CAUSE NO. 2:19-cv-61-TBM-MTP

TRACTOR SUPPLY COMPANY
AND JOHN DOES 1-10

                                                                          DEFENDANTS

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO CERTAIN DAMAGES CLAIMS
AND AS TO MEDICAL CAUSATION**

---

COMES NOW the Defendant, Tractor Supply Company ("TSC"), by and through counsel,

and files this Reply in Support of its Motion for Partial Summary Judgment as to Certain Damage

Claims and as to Medical Causation [Doc. 56], and in support thereof, would show unto the Court

the following:

    **1.**     **The opinions of Dr. Ralph Bell are inadmissible, and therefore do not create a
triable issue of fact**

To survive TSC's motion for partial summary judgment, Plaintiff must present expert

testimony establishing that her left rotator cuff tear was caused by the trip-and-fall at TSC. *Stone v.*

*Kroger Limited Partnership I*, 2018 WL 493480 at *3 (N. D. Miss. 2018), *aff'd,* 736 Fed.Appx. 513

(5th Cir. 2018); *Cole v. Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958); *see also Dickinson v.*

*Huddleston*, 2018 WL 3873587 (S.D. Miss. 2018); *A.K.W. by and through Stewart v. Riddell, Inc.,*

2012 WL 12985120 (S. D. Miss. 2012); *Pugh v. Green*, 2020 WL 1902269 (S. D. Miss. 2020).  In

the absence of evidence establishing medical causation, Plaintiff cannot prove an essential element of

her negligence claim, thus entitling TSC to partial summary judgment. *McGee v. Dolgencorp, LLC*,

2016 WL 5936885 (S.D. Miss. 2016).

In attempting to stave off summary judgment, Plaintiff relies almost entirely on her retained

expert, Dr. Ralph Bell, the emergency room physician who Plaintiff claims is an expert in

orthopedics.  As discussed at length in TSC's principal brief and reply in support of its Motion to

Strike Certain Expert Opinions of Dr. Ralph Bell [Doc. 50], the Court should preclude Dr. Bell from

offering any opinions on medical causation because (1) he is unqualified to offer opinions in the field

of orthopedics, and (2) his opinions are not sufficiently reliable to pass *Daubert* scrutiny.

Plaintiff incorrectly asserts that TSC is trying to turn this case into a "battle of labels."

*Plaintiff's Brief*, p. 6.  Contrary to Plaintiff's assertions, a board certification in a particular medical

specialty is not a mere "label."   And while it may be inconvenient for the Plaintiff, it is well-

established that a witness must possess "scientific, technical, or specialized knowledge on

a *particular* topic" in order to "qualify as an expert on *that* topic." *Worthy v. McNair*, 37 So.3d 609,

616 (Miss. 2010).  A witness cannot simply "identify as" an expert in a particular field.  He or she

must *actually possess* expertise in a particular field in order to give expert testimony in that field.

Plaintiff has not proven Dr. Bell has the requisite qualifications to offer expert causation opinions in

the field of orthopedic medicine.

Neither has the Plaintiff proven that Dr. Bell's opinions are sufficiently reliable to pass the

*Daubert* test. Plaintiff essentially argues that because Dr. Bell has practiced medicine for 46 years

and seen thousands of patients, his opinions are automatically reliable.   This is completely

misguided.  Regardless of how long Dr. Bell has practiced, Plaintiff has the burden to prove that his

opinions are based on "scientific knowledge," constitute "good science," and are "derived by the

2

scientific method." *Harris v. Brush Wellman, Inc.,* 2007 WL 5960181, *7 (S.D. Miss. 2007).

Plaintiff has failed to do this.  Dr. Bell claims to have relied on medical records, x-rays, MRIs, etc.,

but he never explains which medical tests/records he is relying on, nor does he explain how these

particular tests/records inform his conclusory opinion that Plaintiff's rotator cuff tear was caused by

the fall at TSC.  He simply summarizes the medical records and then proclaims that medical

causation has been established.  He undertakes no causation analysis at all.  Therefore, his opinions

are purely conclusory and inherently unreliable.

        2.        **The records of Dr. Thomas Baylis do not create a triable issue of fact**

Apparently, Plaintiff does not anticipate calling her treating orthopedist, Dr. Baylis, as an

expert at trial.  While Plaintiff designated Dr. Baylis as an expert, none of Plaintiff's recent filings

indicate that she actually intends to call him as an expert at trial.  This is almost certainly because Dr.

Baylis has not opined that Plaintiff's rotator cuff tear was caused by the fall at TSC.  In fact, if Dr.

Baylis had ever formed this opinion, there would be no need for Plaintiff to call Dr. Bell as an expert.

Nevertheless, Plaintiff argues that "Dr. Baylis' medical records create a genuine issue of

material fact."  [Doc. 64, p. 11].  But they don't.  There is absolutely nothing in Dr. Baylis' records

that creates a genuine issue of material fact on the issue of medical causation.  His records are

completely silent on the issue of causation.  Neither Dr. Baylis nor any of Plaintiff's treating

physicians have opined that Plaintiff's rotator cuff tear was causally related to the fall at TSC.  In

fact, the only thing Plaintiff quotes from Dr. Baylis' records is the history that *she* provided to Dr.

Baylis when she told him – on October 17 six weeks after the incident – that her shoulder had hurt

ever since the accident. But this can hardly be said to create a fact question on the issue of causation.

 Dr. Baylis himself describes Plaintiff's October 17 complaint of shoulder pain as a ***"new***

*complaint."* [Doc. 63-2]. And it is well-settled that a plaintiff is not competent to offer medical

diagnoses or opinions as to medical causation. *Graves v. Graves*, 531 So. 2d 817, 821-822 (Miss.

1988); *McGee v. Dolgencorp, LLC*, 2016 WL 5936885, *3 (S.D. Miss. 2016); citing *Dennis v.

Prisock*, 221 So.2d 706, 710 (Miss. 1969). Therefore, Plaintiff's alleged statement to Dr. Baylis on

October 17 cannot possibly serve as a basis to defeat summary judgment on the issue of medical

causation.

Plaintiff has no admissible expert testimony or expert opinions on the issue of medical

causation.  Neither Dr. Bell nor Dr. Baylis can testify that her rotator cuff tear was caused by the fall

at TSC.  Therefore, TSC is entitled to partial summary judgment on Plaintiff's damage claims related

to the left rotator cuff tear.

RESPECTFULLY SUBMITTED, this the 10th day of May, 2021.

> TRACTOR SUPPLY COMPANY,
> *Defendant*
>
> By:  */s/ William M. Vines*
> WILLIAM M. VINES (MSB#9902)

OF COUNSEL:
JERNIGAN COPELAND ATTORNEYS, PLLC
970 Ebenezer Boulevard
Post Office Box 2249
Madison, Mississippi 39130
Telephone: 601-427-0021
Facsimile: 601-427-0051
Email: mvines@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney of record, do hereby certify that I have this day served a true and correct copy of the foregoing document via the ECF system upon system upon counsel of record.

THIS, the 10th day of May, 2021.

/s/ *William M. Vines*
WILLIAM M. VINES